IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-HC-2080-FL

| | |
|---|---|
| STEVEN DIXON PRENTICE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| FEDERAL BUREAU OF ) | |
| PRISONS, ) | |
| ) | |
| Respondent. ) | |

The matter now is before the court on respondent's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (DE 23). Also before the court are petitioner's motion for order to rescind detainer (DE 12) and request for order of records by subpoena (DE 30). The issues raised have been fully briefed and are ripe for adjudication.

## BACKGROUND

Petitioner was convicted in the United States District Court for the Middle District of North Carolina of receiving child pornography videotapes and using a minor to engage in sexually explicit conduct for the purpose of producing videotapes. On August 27, 2001, the court sentenced petitioner to 180 months and 210 months imprisonment to run concurrently, together with restitution of $8,100.00. See Order, United States v. Prentice, No. 1:01-CR-31-JAB-1 (M.D.N.C. Jan. 27, 2016); see also Docket Entry, Prentice, No. 1:01-CR-31-JAB-1 (M.D.N.C. Aug. 27, 2001). In a separate state court criminal action, petitioner was convicted of a first-degree sex offense, first-

degree rape, and indecent liberties in conjunction with his rape of a three-year old child as depicted in the videos. See Order, Prentice, No. 1:01-CR-31-JAB-1 (M.D.N.C. Jan. 27, 2016).

On April 7, 2014, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, "alleging various claims regarding property seized following his arrest, issues surrounding the payment of his restitution order, funds paid by him in the form of inmate medical co-pays, the loss of his prison job, the denial of access to the Bureau of Prisons ('BOP') TRULINCS1 inmate email system, issues concerning language in his Presentence Investigation Report ('PSR'), and challenging several of his supervised release conditions." Prentice v. Bureau of Prisons, No. 5:14-HC-2062-BO, 2015 WL 4928953 (E.D.N.C. Aug. 18, 2015) (hereinafter "Prentice I"), aff'd sub nom. Prentice v. Andrews, 633 F. App'x 587 (4th Cir. 2016). These claims included challenges to the payment schedule imposed by the BOP through the Inmate Financial Responsibility Program ("IFRP"). Id. at * 4. Petitioner's first § 2241 petition was dismissed on the merits upon motion for summary judgment.

On January 9, 2015, petitioner filed a civil rights complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). See Prentice v. Bureau of Prisons, et al., No. 5:15-CT-3006-H (E.D.N.C. Jan. 9, 2015). In that complaint, petitioner challenged the BOP's application of the IFRP. Specifically, petitioner claimed that the defendants improperly managed his prison account by misapplying funds, garnishing funds in excess of court-ordered restitution, losing other funds, and retaining or collecting additional funds without justification. See Order, Prentice, No. 5:15-CT-3006-H (E.D.N.C. Mar. 17, 2016). The court allowed the action to continue on a due process claim contained in the complaint, but dismissed petitioner's claim challenging the BOP's administration of the IFRP on the ground that "[t]he IFRP

is a means of executing a prisoner's sentence; therefore, complaints about the BOP's administration of the program are cognizable under 28 U.S.C. § 2241." See id., No. 5:15-CT-3006-H (E.D.N.C. Mar. 17, 2006). Petitioner's surviving claims were subsequently dismissed due to his failure to exhaust. See Order, Prentice, No. 5:15-CT-3006-H (E.D.N.C. February 14, 2017).

On April 15, 2016[1], petitioner filed the instant habeas petition pursuant to § 2241, again challenging the BOP's payment collection through the IFRP (DE 1). On April 19, 2016, petitioner was released from federal custody. See https://www.bop.gov/inmateloc/ (last visited August 28, 2017). He is presently in state confinement at Lanesboro Correctional Institution. see https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=1502120&searchLastName=prentice&searchFirstName=steven&listurl=pagelistoffendersearchresults&listpage=1 (last visited August 28, 2017).

On November 11, 2016, petitioner filed a motion in which he seeks "an Order to the Federal Bureau of Prisons . . . to rescind a bogus detainer." (Mot. (DE 12) at 1). Specifically, he contends that BOP records incorrectly indicate that he has an outstanding warrant for failure to appear in Honolulu, Hawaii. Id. at 4. Although not entirely clear, petitioner appears to allege that the existence of the detainer is negatively affecting his state custody classification, and could also negatively affect his release from state custody. Id. at 8.

On January 30, 2017, respondent filed the instant motion to dismiss (DE 23) and responded to petitioner's motion to rescind detainer (DE 25). Petitioner responded to the motion to dismiss.

---

[1] Providing petitioner the benefit of the mailbox rule, the court deems his petition, dated April 15, 2016, but filed on April 20, 2016, to be filed on April 15, 2016. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a pro se prisoner's notice of appeal is filed at the moment it is delivered to prison authorities for mailing to the district court).

**DISCUSSION**

A.	Standard of Review

Under Rule 12(b)(1), the petitioner bears the burden of showing that federal jurisdiction is appropriate when challenged by respondents. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). When the Rule 12(b)(1) motion attacks the complaint as failing to state facts upon which subject matter jurisdiction may be based, the facts in the complaint are assumed to be true and the petitioner is afforded the same protections he or she would receive under a Rule 12(b)(6) motion. Adams, 697 F.2d at 1219. The Rule 12(b)(1) motion may attack alternatively the existence of subject matter jurisdiction in fact, apart from the complaint. Id. This type of attack is used when a court's limited jurisdiction precludes hearing the case brought. Materson v. Stokes, 166 F.R.D. 368, 371 (E.D. Va. 1996) (citing Mortensen v. First Fed. Sav. And Loan Ass'n, 549 F.2d 884, 891 (3rd Cir. 1977)); Adams, 697 F.2d at 1219. Because the court's power to hear the case is at issue in a Rule 12(b)(1) motion, the court is free to weigh the evidence to determine the existence of jurisdiction. Adams, 697 F.2d at 1219.

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [petitioner]," but does not

consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts, that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 678, and Twombly, 550 U.S. at 557).

B.  Analysis

The instant petition is not a model of clarity. However, despite the disjointed nature of his claims, it appears petitioner, once again, challenges the BOP's collection of restitution through the IFRP. The IFRP has been described as follows:

> The Inmate Financial Responsibility Program ("IFRP") is a Bureau of Prisons ("BOP") program that enables prisoners to make scheduled payments from their inmate accounts toward court-ordered financial obligations. See 28 C.F.R § 545.10-11. Prison staff assist inmates in developing financial plans, which are subject to periodic review. Id. As the parties in this case agree, the IFRP is voluntary; the BOP cannot compel an inmate to make payments. See United States v. Boyd, 608 F.3d 331, 334 (7th Cir.2010). But inmates with financial obligations who refuse to participate in the IFRP may no longer be eligible for many privileges, including more desirable housing and work outside the prison. 28 C.F.R. § 545.11(d).

Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015).

The BOP has the authority to place a defendant in the IFRP based on language contained in a criminal judgment. See United States v. Watkins, 161 Fed.Appx. 337, 337 (4th Cir. 2006); Bramson v. Winn, 136 Fed. Appx. 380, 381 (1st Cir. 2005); Richardson v. Smith, No. 2:14CV64, 2015 WL 9875842, at *11 (N.D.W. Va. Nov. 2, 2015) ("[T]he IFRP has been 'uniformly upheld against constitutional attack'") (quoting McGhee v. Clark, 166 F.3d 884, 886 (7th Cir.1999)).

5

The IFRP is a means of executing a prisoner's sentence. Therefore, complaints about the BOP's administration of the program are cognizable under 28 U.S.C. § 2241. See Matheny v. Morrison, 307 F.3d 709, 711–12 (8th Cir. 2002) (stating that challenges to IFRP administration concern execution of sentence and are therefore correctly framed as § 2241 claims); see also United States v. Diggs, 578 F.3d 318, 320 (5th Cir 2009) (". . . challenges to BOP programs must be brought under § 2241 after all administrative remedies have been exhausted."). However, plaintiff's claims must be dismissed.

First, this petition is largely duplicative of petitioner's prior challenges to the IFRP in this district. "Because district courts are not required to entertain duplicative or redundant lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e). Generally, a lawsuit is duplicative of another one if the parties, issues and available relief do not significantly differ between the two." Cottle v. Bell, 229 F.3d 1142, 2000 WL 1144623, at *1 (4th Cir. Aug. 14, 2000) (unpublished table opinion) (citations omitted); see I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1551–52 (11th Cir. 1986) (collecting cases); Richardson v. Thompson, No. 4:04-1256-27, 2004 WL 3316381, *3-4 (D.S.C. Oct. 7, 2004), aff'd 124 F. App'x 795 (4th Cir. Mar. 30, 2005). Moreover, the doctrine of res judicata precludes this court from reaching a different legal decision from the original actions. Allen v. McCurry, 449 U.S. 90, 94 (1980).

Moreover, since the filing of his petition, petitioner has been released from federal custody. As such, he is no longer participating in the IFRP. Where petitioner no longer in BOP custody, and the BOP is therefore no longer attempting to collect money from petitioner through the program, petitioner's request to have BOP cease collecting IFRP funds now is moot. See, e.g., Bryant v. Berkebile, No. 5:10-CV-00482, 2013 WL 4012641, at *2 (S.D.W. Va. Aug. 5, 2013) (dismissing,

6

as moot, § 2241 petition challenging IFRP after petitioner's release from federal custody); Arrington v. Sanders, No. CV 08-2683-DSF PLA, 2009 WL 1371007, at *2 (C.D. Cal. May 14, 2009) (same). To the extent petitioner seeks reimbursement for funds already withdrawn, "[r]elief available by means of a § 2241 habeas petition is limited, and petitioner's requests for relief are not available to him through this writ. It is well-established that a petitioner may not obtain monetary damages through a § 2241 petition." Prentice I, No. 5:14-HC-2062-BO, 2015 WL 4928953, at *4 (citing McKinney–Bey v. Hawk–Sawyer, 69 F. App'x 113, 113 (4th Cir.2003)). Instead, "an action for monetary damages is properly pursued by way of a civil rights action." McKinney-Bey, 69 F. App'x. 113. Based upon the foregoing, the court GRANTS respondent's motion to dismiss.

Likewise, any issues raised in petitioner's motion to rescind detainer are mooted by his release from federal custody. The issues presented in that motion also are inappropriately raised in a § 2241 petition, as they relate entirely to the execution of his state sentence and/or his state conditions of confinement. See Gregory v. Coleman, 218 F. App'x 266, 267 (4th Cir. 2007); Coady v. Vaughn, 251 F.3d 480, 484-485 (3d Cir. 2001) (finding that a state inmate challenging execution of sentence must proceed under 28 U.S.C. § 2254, not 28 U.S.C. § 2241); see also, Preiser v. Rodriquez, 411 U.S. 475, 499 (1973) ( holding that habeas corpus relief is not appropriate when a prisoner challenges the conditions of his confinement); Jones-El v. South Carolina, No. 5:13-cv-01851, 2014 WL 958302, at *6 (D.S.C. Mar. 11, 2014) ("Petitioner cannot be permitted to circumvent either the § 2254 filing limitations or the exhaustion-of-state-remedies requirements by claiming that his Petition should be governed by § 2241 because he is challenging the jurisdiction of the trial court."); Martin v. Johnson, No. 7:07-cv-00436, 2007 WL 2746962, at *2 (W.D. Va. Sept. 20, 2007) ("The court will not permit Martin to circumvent procedural requirements governing

7

§ 2254 by styling his pleading as a § 2241 petition."). Furthermore, the BOP did not file the detainer petitioner complains of. (Smith Aff. (DE 26) ¶¶ 7-8). Accordingly, petitioner's motion for order to rescind detainer (DE 12) is DENIED.

Finally, in light of the dismissal of his petition, petitioner's request for discovery (DE 30) is DENIED as moot.

In summary, petitioner's motions (DE 12, 30) are DENIED. Respondent's motion to dismiss (DE 23) is GRANTED. This court denies a certificate of appealability. See 28 U.S.C. § 2253(c). The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 28th day of August, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge